**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Statesville Division**

| | |
|---|---|
| LARRY CROUSE,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and SETERUS, INC.,<br><br>Defendants. | CASE NO. _____<br><br>*Removed from Alexander County Superior Court (Case No. 18 CVS 100)* |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Bank of America, N.A. ("BANA") hereby removes this action, with the consent of Defendant Seterus, Inc. ("Seterus"), from the Superior Court of Alexander County, North Carolina to the United States District Court for the Western District of North Carolina, Statesville Division. Removal is based on federal question jurisdiction and supplemental jurisdiction.

In support of this Notice of Removal, BANA state as follows:

### I.     Background

1.     Plaintiff Larry Crouse originally filed this claim in Superior Court of Alexander County, North Carolina, on March 2, 2018. [*See* Complaint, attached as "Defendant's Exhibit A"].

2.     This action arises from of a promissory note in the amount of $135,830.22 executed by Plaintiff on November 8, 2010, which note was secured by a deed of trust securing property in Alexander County, North Carolina. [*See* Complaint Ex. 1].

1

3.      Plaintiff's Complaint asserts nine claims against BANA (and Seterus).  Plaintiff asserts state law claims for breach of contract, negligence, conversion, violation of the North Carolina's unfair and deceptive trade practices act, violation of North Carolina's debt collection act, and violation of North Carolina's mortgage debt collection and servicing act.  Plaintiff asserts federal law claims for violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692, *et seq.*, violation of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227, *et seq.*, and violation of the Real Estate Settlement Procedure Act ("RESPA") under 12 U.S.C. § 2605 and 12 C.F.R. § 1024.35.

4.      BANA was served with the Complaint on March 7, 2018.

5.      In filing this Notice of Removal, BANA does not waive and specifically reserves any and all defenses, exceptions, rights, and motions.  No statement or omission in this Notice of Removal shall be deemed an admission of any of the allegations or request for relief set forth in the Complaint.

6.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served are attached as Defendants' Exhibit A.

## II.      This Notice of Removal is Timely Filed in the Proper Venue.

7.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

8.      This Notice of Removal is timely filed within 30 days of receipt by BANA of a copy of the initial pleading.  *See* 28 U.S.C. § 1446(b).

9.      The United States District Court for the Western District of North Carolina, Statesville Division is the proper place to file this Notice of Removal as this district and division

2

is the federal district court that embraces the place where the original action was filed and is pending. *See* 28 U.S.C. § 1441(a).

### III. This Court Has Federal Question Jurisdiction.

10.     Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint presents substantial questions of federal law arising under the FDCPA (15 U.S.C. § 1692, *et seq.*, the TCPA (47 U.S.C. § 227, *et seq.*), and RESPA (12 U.S.C. § 2605 and 12 C.F.R. § 1024.35).

11.     Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal question appears on the face of Plaintiff's Complaint, and these claims "arise under" federal law.

12.     Further, this Court has supplemental jurisdiction over Plaintiff's state statutory and state common law claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13.     Thus, because some of Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

## VI.     Notice of Removal to the Superior Court of Onslow County

14.     In accordance with 28 U.S.C. § 1446(d), BANA will promptly file a Notice of Removal to Federal Court with the Superior Court of Alexander County.

WHEREFORE, Defendant Bank of America, N.A. files this Notice of Removal and removes the civil action to the United States District Court for the Western District of North Carolina, Statesville Division.

This 6th day of April 2018.

/s/ Christopher B. Karlsson
Christopher B. Karlsson
N.C. State Bar No. 41357
McGuireWoods LLP
201 North Tryon Street
Suite 3000
Charlotte, NC 28202-2146
704.373.8053 (Direct Line)
704.343.2300 (Fax)
ckarlsson@mcguirewoods.com

*Counsel for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, a copy of the foregoing **NOTICE OF REMOVAL**, with any and all attachments, was filed electronically with the Clerk of Court via ECF and served via First-Class Mail, postage prepaid, addressed to:

Travis E. Collum
Collum & Perry, PLLC
P.O. Box 1739
Mooresville, NC 28115
*Counsel for Plaintiff*

G. Benjamin Milam
BRADLEY ARANT BOULT CUMMINGS LLP
214 N. Tryon Street, Suite 3700
Charlotte, North Carolina 28202
*Counsel for Seterus, Inc.*

/s/ Christopher B. Karlsson
Christopher B. Karlsson